Welch, J.
We see no error in the judgment of -the court below. The ground assumed by the plaintiffs in error is; that Fosdick had no lien upon the machinery, utensils, etc., belonging to and used in the factory, because (1) they were sold and delivered to Metcalfe, and (2) Fosdiok’s lien upon them was a mere chattel mortgage, in the form *120 of covenants in the deed or lease, which, not having been verified or filed as such chattel mortgage, is void as to creditors of Metcalfe. ¥e think these positions are unmaintainable. As between Fosdick and -Metcalfe, the whole property conveyed or demised is to be regarded as a unit. The machinery, -utensils, etc., belonging to the factory are to be regarded, as between Fosdick and Metcalfe, as appurtenant to and forming part of the real estate. The whole or absolute interest in the property did not by the deed pass to Metcalfe. He took the property subject to the “ lien ” or right reserved. To the extent of that reservation the property never passed to him. The power given by the deed to Metcalfe to remove portions of the machinery, and to substitute others in their palace, is to be regarded as a mere power to repair, and not as indicating an ¡absolute ownership in the movable articles. They could only be removed upon the condition that others as good should, “at the time of removal,” be substituted in their palace. Until so removed, they remained the property of Fosdick to the extent of his right reserved. As we understand the facts of the case, the articles of property in controversy had never been so removed by Metcalfe, but remained, at the time of their seizure by the officer, as parts and parcels of the establishment, equally as at the date of the deed. That being the case, it seems to us the court was right in holding that the so-called “lien” of Fosdick was not by way of mortgage, but by virtue of a preservation in the deed, and should therefore be preferred to the liens of the attaching creditors of Metcalfe.

Motion overruled.